UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL EDWARD JOHNS,

        Petitioner,

v.                          CASE NO. 4:19-CV-12071
                            HONORABLE MATTHEW F. LEITMAN

SHERMAN CAMPBELL,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Michigan prisoner Carl Edward Johns ("Petitioner"), has filed a pro se "Petition for Writ of Error Coram Nobis" pursuant to 28 U.S.C. § 1651(a), in which he contests the validity of his current confinement. Petitioner was convicted of two counts of first-degree felony murder following a jury trial in the Muskegon County Circuit Court and was sentenced to concurrent terms of life imprisonment without the possibility of parole in 1995. Petitioner has previously filed a habeas petitions in federal court challenging the same convictions. For the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641

1

(1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner brings the instant action pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Regardless of the statutory label placed on the pleading, however, habeas petitions brought by state prisoners are governed by 28 U.S.C. § 2254. *See Carlisle v. United States*, 517 U.S. 416, 428 (1997) (Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act that is controlling."); *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of confinement); *Byrd v. Bagley,* 37 F. App'x 94, 95 (6th Cir. 2002); *Black v. State of Florida*, No. 4:09cv30-SPM/WCS, 2009 WL 1605410, *2-4 (N.D. Fl. June 4, 2009) (dismissing admiralty petition for failure to state claim where petitioner was already pursuing his sole federal remedy in a habeas petition in the district where he was convicted). The provisions of 28 U.S.C. § 2244(b) which govern the filing of successive petitions by state prisoners under § 2254 therefore apply equally to habeas petitions filed by a state prisoner under other statutes, such as 28 U.S.C. § 2241, the general habeas statute, *see Long v. Commonwealth of Kentucky,* 80 F. App'x 410, 414 (6th Cir. 2003); *Byrd*, 37 F. App'x at 95, 28 U.S.C. § 1333, which governs suits in admiralty, maritime and prize cases, *see Scott v. Small*, No. EDCV 10-00492-R (MLG), 2010 WL 1540932, *2 (C.D. Ca. April 15, 2010), 28 U.S.C. § 2243, *see Welch v. Brown*, 541 F. Supp. 259, 261-62 (D.C. Ohio 1982), and 28 U.S.C. § 1651, the All Writs Act, *see Brennan v. Wall,* 100 F. App'x 4, 5 (1st Cir. 2004).

Petitioner has previously filed a federal habeas petition challenging the same state court

2

convictions at issue in the instant petition, which was denied and dismissed with prejudice. *See Johns v. Elo*, No. 99-CV-76330 (E.D. Mich. Dec. 8, 2000) (adopting magistrate judge's report dismissing claims for lack of merit and/or based upon procedural default). Additionally, he has previously been denied permission to file a second or successive habeas petition. *See In re Carl E. Johns*, No. 18-1467 (6th Cir. Aug. 22, 2018). Petitioner has neither sought nor obtained appellate authorization to file another subsequent habeas petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Dated: July 17, 2019

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

3